UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

LYDIA DOUGLAS,                  )
                                )
     Plaintiff,                 )  Civil Action No. 5:09-175-JMH
                                )
v.                              )
                                )
CITY OF RICHMOND, KENTUCKY,     )  **MEMORANDUM OPINION AND ORDER**
                                )
     Defendant.                 )

                    **    **    **    **    **

This matter is before the Court upon Defendant's Motion to Dismiss [Record No. 6]. Plaintiff has filed a Response [Record No. 9] stating her opposition to Defendant's Motion and requesting, in the alternative, that she be granted leave to file an amended complaint. Defendant has filed a Reply [Record No. 13] in further support of its Motion to Dismiss and made a Response [Record No. 14], objecting to Defendant's request for leave to file an amended complaint. Finally, Plaintiff has filed a Motion for Leave to File Response to Defendant's Reply to Defendants Motion to Dismiss and to File Transcript of Commission Hearing in the Record [Record No. 16]. The Court being sufficiently advised, these motions are now ripe for decision.

**I.   Plaintiff's Motion for Leave to File Response to Defendant's Reply to Defendants Motion to Dismiss and to File Transcript of Commission Hearing in the Record**

The Local Rules of this Court do not provide for filing a "sur-reply," and this Court is loathe to extend leave to do so

except in the most unusual of circumstances. In this instance, the Court has carefully considered Plaintiff's Motion and reviewed the tendered sur-reply only to find that her proposed pleading does not address any argument raised in Defendant's Reply. Further, the rationale for Plaintiff's request to file the transcript of the Commission Hearing in the record is not clear to the Court, and, frankly, the Court can discern no useful reason to include that document in the record of this matter at this time. Accordingly, Plaintiff's Motion for Leave to File Response to Defendant's Reply and to File Transcript of Commission Hearing in the Record is not well taken and shall be denied.

## II. Defendant's Motion to Dismiss

### A. Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Accordingly, the background set forth below has been taken from the averments in Plaintiff's Complaint, and the Court accepts these averments as true for the purposes of evaluating Defendant's Motion to Dismiss.

"A complaint must contain either direct or inferential

allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir.1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541-42 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007).

**B.   Background**

On an unspecified date in the spring of 2008, Plaintiff made several purchases at an unidentified Wal-Mart store. As she attempted to leave the store, Plaintiff was stopped by a store employee and "restrained."[1] At the time of the incident, Plaintiff was employed as a police officer by Defendant, but she was off-duty during her shopping trip and at the time of the "restraint." Although the Complaint does not provide any specific details, Plaintiff avers that she was physically injured during this

---

[1] Having reviewed the parties' pleadings associated with Defendant's Motion to Dismiss, the Court has come to understand that Plaintiff was approached by a Wal-Mart employee as she departed the store with her purchases in a cart and asked to show the receipt that she received upon paying for her purchases. The details of the "restraint" averred by Plaintiff are, of course, irrelevant for the purposes of this Memorandum Opinion and Order.

incident by a shopping cart. Plaintiff further avers that she believed the Wal-Mart employee's actions to constitute misdemeanor criminal conduct, i.e., unlawful imprisonment. Plaintiff then displayed her police badge to the Wal-Mart employee, which she avers to be a permitted "off-duty" exercise of police authority under Defendant's policy, procedure, and rules of conduct.

Plaintiff was later confronted about this incident by her employer.[2] Plaintiff explained the incident to Defendant, as follows:

> [T]he Wal-Mart employee unlawfully imprisoned Plaintiff . . . [a]nd . . . that said Wal-Mart employee treated Plaintiff unlawfully because of Plaintiff's race, African American, constituting illegal race discrimination, and that Plaintiff had experienced race discrimination from the same Caucasian Wal-Mart employee before.

[Record No. 1 at ¶ 19.] Disciplinary proceedings followed, and Defendant ultimately determined that Plaintiff's off-duty conduct "was improper and unbecoming of a police officer and within the scope of Plaintiff's employment and relationship of duties to Defendant." [*Id*. ¶ 18.] Plaintiff was eventually suspended as a

---

[2] Plaintiff does not make any averment in her Complaint that would explain how her employer came to know of her off-duty conduct. According to Defendant, the incident came to its attention after the Wal-Mart employee made a citizen's complaint to Defendant concerning Plaintiff's off-duty behavior. Again, this is irrelevant to the Court's analysis of Defendant's Motion to Dismiss.

result of these proceedings.[3]  [*Id.* at ¶ 24.]

**C. Discussion**

    **1. Plaintiff's Complaint Fails to State a Claim for Violation of 42 U.S.C. § 1983**

In Count I of her Complaint, Plaintiff avers that Defendant "committed a policy, procedure, and/or custom violation under Section 1983."  [Compl. at ¶¶ 43-45.]  It is unclear from her Complaint of which policy provision or provisions of the City of Richmond or its police department she complains.  She argues in her Response, however, that her Complaint clearly sets forth that she is challenging the police regulations that the "Commission found Plaintiff violated and for which they punished Plaintiff." [Response at 8.]  Assuming that to be the case, the Court understands that the Commission found Plaintiff's off-duty conduct at Wal-Mart to be in violation of Chapter 5.07, Section VI, B-16 (intimidating another individual for personal reasons under color of their position) and Chapter 5.07, Section VI, C-8 (conduct unbecoming a police officer).  Plaintiff further explains her theory under 42 U.S.C. § 1983 by stating in her response that:

> Defendant's policy, procedure, and/or custom deprived Plaintiff of her right to be free from psychological and bodily integrity liberty interests by effectively forcing and being a cause of Plaintiff to suffer false and unlawful imprisonment while off-duty in Wal-

---

[3] Plaintiff also complains that she suffered yet another insult when Defendant "refused to process charges by Plaintiff against the Wal-Mart employee."  [Record No. 1 at ¶ 24.]

-5-

>Mart as well as stripping and depriving Plaintiff of freedoms from the same.

[Response at 4-6.]

Plaintiff's allegation, thus explained, does not state facts sufficient to "state a claim that is plausible on its face" nor does it present a viable legal theory upon which relief could be granted.[4] To establish municipal liability under § 1983, Plaintiff must show that: (1) a "governmental policy or custom" has caused a constitutional deprivation; and (2) the municipal policy or custom "evidences 'deliberate indifference' to the rights of its inhabitants" such that the policy is the "moving force" behind the constitutional violation. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). In the instant matter, Plaintiff claims that she has a constitutional right to psychological and bodily integrity that was violated by an employee of a private commercial enterprise during an alleged false and unlawful imprisonment while she was off-duty and shopping at a privately owned store. Frankly, there is no logic by which this Court could conclude that the rules and regulations of the police department (which were brought into play after the incident at the store occurred) were the "moving force" behind the alleged harm.

---

[4]The Court is not persuaded that this rendition of Plaintiff's claim is adequately expressed in the Complaint. Nonetheless, for purposes of reaching a decision on this Motion, the Court will assume that it could reasonably read Plaintiff's Complaint in this way.

Plaintiff fails to allege that a city policy or procedure in any way motivated the alleged stop and detention of Douglas by the Wal-Mart employee. As the city policies and procedures identified by Plaintiff could not have motivated any alleged "unlawful imprisonment" of Plaintiff by a Wal-Mart employee, Plaintiff's § 1983 claim is "implausible" and Count I shall be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Twombly,* 550 U.S. at 570.

### B. Plaintiff's Complaint Fails to State a Claim for Retaliation under the KCRA and 42 U.S.C. § 1981

In Counts II and III of her Complaint, Plaintiff alleges that Defendant retaliated against her for "voicing opposition to race discrimination by Wal-Mart." [*See* Compl. at ¶ 22.] As such, Plaintiff's claim must fail as it falls outside of the paradigm of Title VII and, thus, the anti-retaliation provisions of the KCRA and 42 U.S.C. § 1981, all of which contemplate retaliation claims against employers that result from an employee's opposition to and reporting of an employer's discriminatory conduct.

The Kentucky Civil Rights Act ("KCRA") and 42 U.S.C. § 1981 both bar employers from discriminating on the basis of race. In the employment context, § 1981 and Title VII claims have the same elements and burdens of proof. *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 n. 5 (6th Cir. 2000). Under Title VII, the "opposition clause" of 42 U.S.C. § 2000e-3(a) prohibits employers from retaliating against any employee who "has opposed"

-7-

an "unlawful employment practice," as does the KCRA. *See* KRS § 344.280. The KCRA's discrimination and retaliation provisions (including KRS §§ 344.040 and 344.280) "track [ ] federal law and should be interpreted consonant with federal interpretation" of the analogous federal employment discrimination statutes. *Steilberg v. C2 Facility Solutions, LLC*, 275 S.W.3d 732, 735 (Ky. App. 2008); *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003); *see also Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184, 190-91 (2002) (KCRA "is construed consistently with the ADA"); *Bryson v. Regis Corp.*, 489 F.3d 561, 571 (6th Cir. 2007) (KCRA disability provisions analogous to Americans with Disabilities Act); *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1250 (6th Cir. 1995) (KCRA prima facie case analogous to federal Title VII prima facie case); *Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226, 229-30 (Ky. 1984) (considering federal law in application of KCRA claim of age discrimination); *Tiller v. University of Kentucky*, 55 S.W.3d 846, 849 (Ky. Ct. App. 2001) (analyzing KCRA claim of sex discrimination under federal framework).

In the instant matter, Plaintiff complains that her employer retaliated against her for opposing and reporting alleged discriminatory conduct by Wal-Mart, not by her employer. Such a claim is not cognizable on the facts alleged under either KRS § 344.280 or 42 U.S.C. § 1981, and Plaintiffs claims in Counts II and III of her Complaint shall be dismissed.

**C. Plaintiff's Complaint Fails to State a Claim for Violation of KRS § 344.040**

In Count IV of her Complaint, Plaintiff alleges that she "was singled out and treated differently with regard to off-duty exercise of police duty, because Plaintiff was female, causing Plaintiff harm." [Complaint at ¶ 51.] She has not, however, set forth any factual averments to support this claim and, this Court is "not bound to accept as true" such bare legal conclusions. *Twombly*, 550 U.S. at 555. Without "further factual enhancement," a pleading that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" fails to state a claim. *Id.*; *see also Ashcroft v. Iqbal,* __ U.S. __, 129 S.Ct. 1937, 1950 (May 18, 2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Accordingly, Plaintiff's claim for sex discrimination in Count IV shall be dismissed.

**III. Plaintiff's Request for Leave to Amend Her Complaint**

Finally, Plaintiff has requested, in the alternative, leave to amend her complaint. She has not, however, indicated how she wishes to amend her Complaint to set forth her claims with even greater particularity" or to cure the inadequacies identified in that pleading by Defendant. She has not tendered an amended complaint for further evaluation by the Court. Further, no "responsive pleading," as that term is understood in Fed. R. Civ.

P. 12(a), has been filed. Accordingly, Plaintiff might have filed a first amended complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(A), but she has elected not to do so. In any event, the Court finds no reason to provide her an opportunity to amend her complaint at this late date, considering the legal and factual inadequacies identified in the current Complaint and the absence of any indication of how she might remedy those flaws. Her request for leave to file an amended complaint shall be denied.

**IV. Conclusion**

For all of the reasons set forth above, Plaintiff's Motions for leave to file a surreply and to amend her Complaint shall be denied. Further, Defendant's Motion to Dismiss shall be granted as Plaintiff's Complaint fails to state a claim upon which relief may be granted by this Court.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Leave to File Response to Defendant's Reply to Defendants Motion to Dismiss and to File Transcript of Commission Hearing in the Record [Record No. 16] shall be, and the same hereby is, **DENIED**;

(2) that Plaintiff's Motion for Leave to File an Amended Complaint [Record No. 9] shall be, and the same hereby is, **DENIED**; and

Case: 5:09-cv-00175-JMH Doc #: 21 Filed: 10/22/09 Page: 11 of 11 - Page ID#: 251

(3) that Defendant's Motion to Dismiss [Record No.6] shall be, and the same hereby is, **GRANTED**.

This the 22nd day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

-11-